UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                              No. 02-4872

EARL THOMAS, a/k/a Skull,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-00-780)

Submitted: April 16, 2003

Decided: April 28, 2003

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Mark C. Moore, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Earl Thomas appeals the district court's order revoking his term of supervised release and sentencing him to two years imprisonment followed by three years of supervised release. We have reviewed the record and find no reversible error. We find that because the Chapter 7 policy statements of the United States Sentencing Guidelines are merely advisory in nature, the district court did not abuse its discretion by rejecting the suggested sentence and imposing the statutorily-authorized sentence it deemed appropriate. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). The court explained its decision was based on the short time period between the commencement of Thomas's period of supervised release and the occurrence of the undisputed violations, coupled with his refusal to participate in in-patient drug treatment, which was a special condition of his supervised release. We also find that although a district court generally must provide an explanation for its departure from the recommended sentencing range, *see United States v. Rusher*, 966 F.2d 868, 882 (4th Cir. 1992), where, as here, a sentence diverges from advisory policy statements, such divergence is not a departure. *See Davis*, 53 F.3d at 642 n.15. Accordingly, we affirm Thomas's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Thomas's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*